IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MAMADOU DIAWARA | * | |
|     Petitioner, | | |
| v. | * | CIVIL ACTION NO. AW-09-2512 |
| SECRETARY OF DHS | * | |
|     Respondent. | | |
| | *** | |

**MEMORANDUM**

Respondent has filed a court-ordered response to the above-captioned Petition for Writ of Habeas Corpus and Petitioner has filed his rebuttal. Paper Nos. 3 and 5. Upon review of the papers, the Court finds a hearing in this matter unnecessary. *See* Local Rule 105.6. (D. Md. 2010). For reasons to follow, the Petition shall be denied.

I.     Background

Petitioner, a native of Mali, challenges his order of supervision entered on March 11, 2009. He entered the United States in 2001 as a non-immigrant visitor for pleasure with authorization to remain until January 13, 2002. Petitioner overstayed his visa. Paper No. 3, Ex. A.

On August 30, 2007, Petitioner was convicted in the Circuit Court for Baltimore County, Maryland of a sex offense in the third degree involving a minor, in violation of the Annotated Code of Maryland, Criminal Law Article '3-307. Petitioner was sentenced to two years incarceration. *Id*.

On November 14, 2007, Petitioner was taken into Immigration and Customs Enforcement (AICE@) custody and served with a Notice of Intent to Issue a Final Administrative Order charging him as removable from the United States under § 237(a)(2)(A)(iii) of the Immigration and Nationality Action (AINA@) 8 U.S.C. ' 1227(a)(a)(2)(A)(iii), as an alien convicted of an aggravated felony as defined in §101(a)(43)(A) of the INA, 8 U.S.C. ' 1101(a)(43)(A) (sexual abuse of a

minor), and § 101(a)(43)(F) of the INA, 8 U.S.C. ' 1101(a)(43)(F) (crime of violence). Petitioner did not contest his removability as charged. *Id.* A Final Administrative Removal Order was issued on December 12, 2007. *Id.*

On September 11, 2008, Petitioner filed his first petition for writ of habeas corpus in this Court, seeking release from ICE custody pending removal. Petitioner challenged only the length of his pre-removal detention, not the lawfulness of the deportation order. The undersigned found that Petitioner's detention was lawful because he failed to establish that there was no significant likelihood of removal in the reasonably foreseeable future. *Id*.

Petitioner was released from ICE custody on March 11, 2009, under the Enhanced Supervision Reporting ("ESR"") program, subject to electronic monitoring (GPS), a curfew, bi-weekly office in-person visits to his case specialist and bi weekly home visits. Paper No. 3, Ex. B. On November 24, 2009, after the national termination of the ESR program, Petitioner was transferred to the newly implemented Alternative to Detention ("ATD") program known as ISAP-II. Under this program, Petitioner is subject to electronic monitoring, weekly in-person reporting to his case specialist and bi-weekly home visits. He is not subject to a curfew. *Id*.

II.     Analysis

The case is subject to dismissal as Petitioner, having been release from ICE custody under an order of supervision on March 11, 2009, was not in custody on September 24, 2009, the date on which he filed the instant Petition. *See Carafas v. LaVallee*, 391 U.S. 234, 238 (1968) (petitioner must be in custody at the time the petition is filed); *see also Smith v. Ashcroft*, 295 F.3d 425, 428 (4th Cir. 2002) ( a district court retains jurisdiction over a habeas petition challenging the legality of a

removal order whenever the petitioner had been in DHS custody at the time of filing but subsequently was deported during the pendency of the petition.)

Moreover, Petitioner has failed to present a live case or controversy. *See Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990) (Article III, § 2 of the United States constitution requires existence of a case or controversy throughout all stages of federal judicial proceedings.) Where, as here, a petitioner does not challenge the legality of his removal order but rather only seek release from ICE custody pending his removal, courts have held that the petitioner's deportation or release from custody moots the petition. *See Abdala v. INS*, 488 U.S. F. a3d 1061, 1064-65 (9th Cir. 2007) (habeas petition challenging only detention mooted by Petitioner's removal or release from custody); *Soliman v. United States ex rel. v. INS*, 296 F. 3d 12337 1242 (11th Cir. 2002); *Sayya v. Farquharson*, 382 F. 3d 20, 22, n. 1. (1st Cir. 2004) (release from detention under an order of supervision mooted habeas challenge to extended deportation).[1] Simply stated, there are no collateral consequences that success on his petition can remedy and, as such, Petitioner has failed to present a live case or controversy.

Lastly, Petitioner's liberty interests under the Fifth Amendment have not been violated. *Zadvydas v. Davis*, 533 U.S. 678 (2001) held that § 241(a) of the Immigration and Nationality Act "("IN"), 8 U.S.C. § 1231(a), limits an alien's post-order detention to a period reasonably necessary to effect removal. The Court held that an alien subject to a final order of removal may generally be detained for a period of six months. After the presumptively reasonable six month period an alien

---

[1] At least two district courts have considered whether the release of a final order alien from ICE custody under one of the ATD programs renders moot the habeas petition challenging continued ICE custody. Both found that release to an ATD program moots the petition. *See Shamin v. Chertoff*, 2008 WL 509335 (N.D. Cal. 2008), *In Li v. DHS*, 2008 WL 5428224 (S.D. Ala 2008).

may continue in detention unless the alien establishes "there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas,* 533 U.S. at 701.

In the instant case, Petitioner complains that "[ICE] still hold[s] me the box, it's been six months" presumably referring to the ankle bracelet electronic monitoring he has been required to wear under the supervised release programs. Petitioner is mistaken in his understanding of *Zadvydas,* which does not restrict the conditions ICE imposes on a released final order alien. To the contrary, *Zadvydas* contemplates such conditions. The Court in *Zadvydas* made clear that ICE may release an alien under conditions of supervision and may return an alien to custody where those conditions are violated. "[W]e nowhere deny the right of Congress to remove aliens, to subject them to supervision with conditions when released from detention, or to incarcerate them where appropriate for violations of those conditions." *Zadvydas* 533 U.S. at 694.

The liberty interest of an alien subject to a final removal order is not fundamental. *See Demore v. Kim*, 538 U.S. 510, 521 (2003), *quoting Matthews v. Diaz*, 426 U.S. 27, 78-80 (1976). As such, the program need only be "rationally related to a legitimate [government] interest." *Id*. At 528. The ATD programs adopted by ICE derive from Congress's grant of authority to ICE to require final order aliens who are released from ICE custody "to obey reasonable written restrictions on the alien's conduct or activities that [ICE] prescribes for the alien." § 241(d)(3)(D) of the INA, 8 U.S.C. § 1231 (D)(3)(D); *See Nguyen v. V.I. Inc.,* 435 F.Supp. 2d 1109, 1111-12 (D. Or. 2006) (Intensive Supervision Appearance Program requirements that participants adhere to curfews and wear electronic monitoring bracelets during the intense phase of the program did not violate aliens' liberty interests under the Fifth Amendment, despite claim that an alien's status as "non-removable" and the potential danger an alien could pose to the community were not enough to justify the possibility of

permanent detention; the liberty interest at issue was not fundamental, and evidence showed that ISAP had significantly reduced the number of absconders among aliens placed in the program.) Reducing the number of final order aliens who abscond and protecting the community from danger posed by final-order aliens are legitimate government interests. *See Nguyen*, 435 F. Supp 2d at 1115.

In light of the foregoing, the Petition shall be dismissed. A separate Order follows.


Date: October 25, 2010                           _____/s//_____
                                                 Alexander Williams, Jr.
                                                 United States District Judge